**IT IS ORDERED as set forth below:**

**Date: March 8, 2019**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| Kenneth Noel St. James | ) CASE NO. 18-42515-bem |
| Jessyka Lee St. James, | ) |
| Debtors | ) |
| Select Portfolio Servicing, Inc., as servicer for U.S. Bank Trust National Association as Trustee for GIFM Holdings Trust, | ) ) ) |
| Movant, | ) |
| v. | ) CONTESTED MATTER |
| | ) |
| Kenneth Noel St. James | ) |
| Jessyka Lee St. James, Debtors | ) |
| Mary Ida Townson, Trustee | ) |
| Respondents. | ) |

### CONSENT ORDER

On February 4, 2019, Select Portfolio Servicing, Inc., as servicer for U.S. Bank Trust National Association as Trustee for GIFM Holdings Trust, ("Movant") filed a "Motion for Relief from Stay" with respect to the real property known as 205 CLINE SMITH RD NE, CARTERSVILLE, GA 30121, ("Property") (Doc. No. 25) ("Motion"). The Motion was scheduled for

hearing February 27, 2019. The parties agreed to the terms of this Consent Order. The undersigned parties stipulate and agree as follows:

    The Debtors have cured the post-petition default.

    The regular ongoing mortgage payments will resume March 14, 2019, in the amount of $648.63, and shall be remitted to the following address: Select Portfolio Servicing, Inc., P.O. Box 65450, Salt Lake City, UT 84165.

    Movant and Debtors agrees that Debtors will provide adequate protection to Movant, in the absence of which Movant claims its interest in the Property would not be adequately protected. Pursuant to the foregoing stipulation, the parties agree that:

I.    Upon delinquency by Debtors of any payments specified herein, Movant may be permitted to recover and dispose of the Property pursuant to applicable Georgia law only after submitting a Delinquency Motion (as more particularly described below) and the entry of an order modifying the automatic stay of 11 U.S.C. Section 362 as follows:

    A. Counsel for Movant shall serve both Debtor and Debtor's counsel of record with written notice of the specific facts of the delinquency (the "Delinquency Notice"); said Notice may be contained in a letter but shall:

        1.    state that Debtors may cure the delinquency within fifteen (15) days of receipt of notice, and

        2.    shall specifically provide the correct street address for mailing or delivering such payment.

    Pursuant to this Order, Debtors shall be presumed to have received the Delinquency Notice on the fifth (5th) calendar day following the mailing of said notice by Counsel for Movant; provided however, that

        a.    the Delinquency Notice is properly addressed to Debtor and Debtors' attorney at the addresses set forth on the Distribution

List attached to this Order unless Movant or Counsel for Movant receives notice in writing of a change in Debtor's address within a reasonable time prior to mailing of the Delinquency Notice; and

    b.    the Delinquency Notice is not returned to Counsel for Movant by the U.S. Postal Service as undeliverable by reason on improper address

B.    If Debtors fail to cure the delinquency within fifteen (15) days of receipt of said written notice, Counsel for Movant may present to the Court, after service on Debtors, Debtors' counsel, and the Chapter 13 Trustee ("Trustee"):

1. a **motion**, which contains allegations of the specific facts of the delinquency; provided, however, that, instead of alleging the facts of the delinquency in the motion (the averments of which are subject to Rule 9011), the motion may be accompanied by an affidavit from Movant setting forth the specific facts of the delinquency;

2. a copy of the **Delinquency Notice**;

3. a **proposed order** (the motion, copy of the Delinquency Notice and the proposed order are herein collectively referred to as the "**Delinquency Motion**").

Upon presentation of said Delinquency Motion the Court may enter an Order modifying the stay as to the Property, without further notice of hearing. **The strict compliance provision shall remain in effect six (6) months from the entry of this Order.**

Upon the completion of any foreclosure sale, any funds in excess of the lawful claim of Movant under its Note and Security Deed that would otherwise be payable to the Debtors shall be promptly remitted to Trustee herein for the benefit of the Estate while the Debtors remain in bankruptcy. Upon entry of an Order modifying the stay as to the Property, the Trustee shall cease funding the Movant's claim.

Accordingly, it is hereby

ORDERED that the agreement of the parties is *approved.*

[END OF DOCUMENT]

Submitted by:

**/s/ Richard B. Maner**
Richard B. Maner, GA Bar No. 486588
180 Interstate N Parkway, Suite 200
Atlanta, GA 30339
Phone: (404) 252-6385; Fax: (404) 252-6394
rmaner@rbmlegal.com
**Attorney for Movant**

Consented to:

**/s/Brian R. Cahn** *with expressed permission*
Brian R. Cahn, GA Bar No. 101965
Brian R. Cahn and Associates, LLC
5 South Public Square
Cartersville, GA 30120
Phone 770-382-8900
**Attorney for Debtors**


No Opposition:

**/s/Sonya B. Gordon** *with expressed permission*
Sonya B. Gordon, GA Bar No. 140987
Staff Attorney
Suite 2200
191 Peachtree Street NE
Atlanta, GA 30303-1740
Phone 404-525-1110
**Chapter 13 Trustee**

## DISTRIBUTION LIST

Richard B. Maner
180 Interstate Parkway, Suite 200
Atlanta, GA 30339

Kenneth Noel St. James
205 Cline Smith Rd. NE
Cartersville, GA 30121-5199

Jessyka Lee St. James
205 Cline Smith Rd. NE
Cartersville, GA 30121-5199


Brian R. Cahn
Brian R. Cahn and Associates, LLC
5 South Public Square
Cartersville, GA 30120

Mary Ida Townson
Chapter 13 Trustee
Suite 2200
191 Peachtree Street NE
Atlanta, GA  30303-1740